Michael J. Harrington, Esq. (C.B.N. 144737)
LAW OFFICES OF MICHAEL J. HARRINGTON
430 D Street
Davis, CA 95616
(530) 759-8440

Attorney for Plaintiffs

ORIGINAL
F I L E D

DEC 1 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

DAVID BRYAN MACK and JAMIE LYNN
WURTS, individually, and as Representatives
and Successors-in-Interest to the ESTATE OF
EDWIN B. MACK; and MEDIC-AIR a
California General Partnership,

                                    Plaintiffs,

        vs.

UNITED STATES OF AMERICA; and DOEs
1 through 100, inclusive,

                                    Defendants.

Case No. 07 - 06369  JCS

**COMPLAINT FOR DAMAGES
PURSUANT TO THE FEDERAL TORT
CLAIMS ACT**

**[28 U.S.C. 1346]**

Advisory Jury Demanded for Claims Against
Government

Jury Demanded for Claims Against Private
Defendants

        David Bryan Mack and Jamie Lynn Wurts, individually, and as Representatives and
Successors-in-Interest to the ESTATE OF EDWIN B. MACK, and Medic-Air, A California
General Partnership ("Plaintiffs"), for their causes of action against Defendant the United States
of America and DOES 1 to 100, state and allege as follows:

### PARTIES

1. Plaintiff David B. Mack is the surviving son of decedent Edwin B. Mack.

2. Plaintiff Jamie L. Wurts is the surviving daughter of decedent Edwin B. Mack.

3. Plaintiff Medic-Air is a California partnership and owner of the subject aircraft N5942S.

4. Plaintiffs Mack and Wurts are entitled to bring this action for the wrongful death of their father Decedent Edwin B. Mack pursuant to CAL. CIV. PROC. CODE § 377.60(a), and no other person has a superior right to commence an action.

5. Defendant United States of America is a government entity, acting through governmental agencies, including the Federal Aviation Administration ("FAA"), by and through its officers, employees, and agents, and hereinafter referred to as the "United States."

6. Upon information and belief, when they filed this action for damages, plaintiffs were ignorant of the true names or capacities of the defendants that were sued herein under the fictitious names DOE 1 - 100, inclusive, and therefore plaintiffs have sued those defendants by such fictitious names.    Plaintiffs will amend this complaint to allege the true names and capacities of DOE 1 - 100 when they are ascertained.

7. Plaintiff Medic-Air is the proper entity to bring a claim for property damages arising from the destruction and loss of subject aircraft N594219.

8. Upon information and belief, at all times herein mentioned, all defendants were the agents, servants, employees, assistants and consultants of each of their co-defendants, and in doing the things herein mentioned, were acting in the scope of said agency and employment, and with the permission and consent of their co-defendants. Further, that each and every such defendant, as aforesaid, when acting as a principal, was negligent in selecting and hiring each and every other defendant as an agent, servant, employee, assistant and/or consultant.

## JURISDICTION

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 in that this case arises under the Federal Tort Claims Act ("FTCA"), a federal statute, and pursuant to 28 U.S.C. § 1346(b) and 2671 in that the district court has original jurisdiction of all claims against the United States and against the various agencies thereof, including the FAA.

10.    Pursuant to 28 U.S.C. § 2675, Plaintiffs Mack and Wurts filed an administrative claim with the FAA on April 28, 2006, for the death of the pilot Mack, which administrative claim has been denied by the FAA on December 4, 2007. Each claimant requested payment in the sum certain amount of $30,000,000, for a total of $60,000,000 for the death of pilot Mack;

11.    Pursuant to 28 U.S.C. § 2675 Plaintiff Medic-Air filed an administrative claim on October 19, 2007 for the property damage and loss of use of subject aircraft N5942S in the amount of $125,250, which claim was denied by the FAA on December 4, 2007.

## VENUE

12.    The acts or omissions claimed of and which give rise to this Complaint all occurred in the Northern District of California, and therefore, venue is proper pursuant to 28 U.S.C. §§ 1391(a) and 1402(b).

## FACTUAL ALLEGATIONS

13.    On December 23, 2005, pilot Edwin Mack ("Mack") departed from Santa Barbara Municipal Airport in Santa Barbara, California, en route to the Livermore Municipal Airport ("LVK"), in Livermore, California, in his Beech 36 aircraft, bearing FAA Registration No. N5942S. Mack's wife, Sandra Mack, was on board the aircraft and the only passenger on the flight.

14.    At all times mentioned herein, Mack was a qualified private pilot, duly certified by the United States, rated to fly single-engine aircraft on instrument flight, and properly medically certificated.

15.    While Mack was preparing for approach to Livermore Airport in N5942S, Mack requested and received instrument flight rules clearance for approach to the Livermore Airport from the Oakland Air Route Traffic Control Center, and the Center controller issued the

clearance and turned the aircraft over to the Northern California TRACON or Terminal Radar Approach Control (NCT). The NCT then cleared N5942S for the approach to LVK and then transferred control of N5942S to the FAA Air Traffic Control Tower (ATCT) at LVK.

16.     The aircraft N5942S being piloted by Mack had been cleared for an instrument-landing system approach on Runway 25R of the Livermore Airport.

17.     That when N5942S was approximately ten miles east of the LVK airport, Northern California TRACON instructed Mack to contact the Livermore Air Traffic Control Tower ("ATCT").

18.     Mack contacted the Livermore ATCT controller and was cleared to land on Runway 25R of the Livermore Airport. Mack responded affirmatively to the clearance to land at the Livermore Airport

19.     That at all times material hereto, aircraft N5942S was depicted on the FAA radar of the air traffic controllers of the FAA at the NCT TRACON and the LVK Livermore ATCT, and that the altitude of aircraft N5942S was below the proper and required altitude for flying the assigned approach to the LVK Livermore airport.

20.     That at all times material hereto, the FAA owned, operated, serviced and maintained equipment to provide aural and visual safety alerts and warnings to Air Traffic Controllers at the NCT TRACON and the LVK Livermore ATCT when an aircraft's altitude is below the required and proper altitude for that particular geographical location.

21.     That at all times material hereto, the FAA owned, operated, serviced and maintained instrument landings system (ILS) equipment to provide radio signals to aircraft assigned an ILS clearance by the FAA for an approach for landing to an assigned runway, and that such radio signals include glideslope or altitude direction for the aircraft flying the cleared approach, and

that to prevent any interference with radio signals including the glideslope or altitude signals the FAA has designated certain areas of the airport as ILS clear zones in which no obstructions, such as taxing aircraft, are allowed to enter while a cleared aircraft is flying or on the designated approach.

22. That at all times material hereto, while N5942S was flying the approach to Runway 25 that pilot Mack had been cleared for by the FAA, another aircraft was allowed by the FAA to taxi and enter the designated ILS clear Zone for Runway 25 at the LVK Livermore Airport resulting in interference with the radio signals to N5942S while on approach to Runway 25 such that the glideslope was lowered, causing a signal in the cockpit indicating to the pilot that he should be flying lower than the correct and safe glideslope.

23. That at all times material herein, all of the above air traffic control facilities (Oakland Air Route Traffic Control Center, Northern California TRACON (NCT) and Livermore ATCT) and all other interconnected ATC facilities were owned, operated, maintained and serviced by the United States and its employees and agents.

24. That upon approach for landing at the Livermore Airport, N5942S descended below the safe altitude and safe minimum descent altitude and collided with terrain approximately eight nautical miles east of the Livermore Airport.

## CAUSE OF ACTION—NEGLIGENCE UNDER THE FEDERAL TORT CLAIMS ACT

Plaintiffs reassert and reallege all allegations, matters and things contained in the preceding paragraphs. At all times relevant hereto:

25. The FAA, as an agency of the United States and through its officers, employees, and agents, has undertaken to provide reasonable and safe air traffic control services to pilots such as

1  Mack, and that pilots, including Mack, rely upon the FAA air traffic system to provide
2  reasonably safe air traffic services.

3
4  26.    That the reasonable and safe air traffic control services include, but are not limited to, the
5  installation and maintenance of ATC equipment and software, and the FAA being familiar with
6  and comply with the procedures set forth in the applicable Air Traffic Control Manual
7  ("ATCM"), as well as that which may be found in other FAA manuals and orders and reasonably
8  comply with the duties and responsibilities the United States has undertaken in connection with
9  providing air traffic services. That the United States through the FAA has undertaken to provide
10  ATC equipment and personnel to provide pilots with warnings, safety alerts and advisories when
11  the pilot's aircraft is at an unsafe altitude or in unsafe proximity to terrain. Pilots, such as Mack,
13  rely upon the United States to reasonably and safely provide these air traffic control equipment,
14  software, and services.
15
16  27.    The United States, through its officers, employees, and agents, including but not limited
17  to the NCT TRACON and LVK air traffic controllers at Livermore Airport, carelessly and
18  negligently failed to give safety alerts, advisories and warnings to pilot Mack that N5942S was in
19  unsafe proximity to terrain, was at an unsafe altitude, which information was known to them or
20  should have been known to them, including aural and visual warning on radar available to them.
21
22  28.    The airplane crash of December 23, 2005, and the fatal injuries to Mack were a direct and
23  proximate result of the United States' breach of its duty to provide reasonable, complete,
24  accurate, and timely air-traffic services and to issues safety alerts and warnings to pilot Mack
25  that aircraft N5942S had descended below the safe altitude limits and was in unsafe proximity to
26  terrain and pilot Mack's reliance upon the United States to reasonably and safely provide such
27  services.
28

29.   That at times material hereto, the FAA's air traffic controller failed to alert, advise or warn Mack, the pilot of N5942S, of the aircraft's unsafe proximity to terrain and/or of the unsafe altitude or provide the altitude warning alerts that the United States has undertaken to provide to pilots and such unsafe altitude of N5942S was known or should have been known to the air traffic controllers at the North Cal TRACON (NCT) and the LVK ATCT, and they failed to provide any alert, advisory or warning to the pilot to prevent the crash of N5942S into the ground.

30.   That while N5942S was cleared by the NCT TRACON to descend toward the LVK Livermore Airport and was assigned to cross designated points at assigned altitude, N5942S was shown by FAA radar to be below the assigned or designated altitude and pilot Mack was never advised by the FAA air traffic controllers of this condition which was known to them.

31.   That while N5942S was on the ILS approach to runway 25 at the LVK Livermore airport the FAA failed to keep the ILS clear zone for Runway 25 clear of obstruction or interference when another aircraft was allowed to taxi into the ILS clear zone, resulting in interference with the FAA radio signals to N5942S for the ILS approach to LVK making the approach unsafe and the FAA further failed to advise or warn pilot Mack of this unsafe and dangerous condition.

32.   That while N5942S was on the ILS approach to runway 25 at the LVK Livermore airport the FAA air traffic control facilities at NCT TRACON and the LVK Livermore ATCT had aural safety alerts and warnings going off, which can be heard on recorded radio broadcasts, and had visual low altitude alerts on the FAA radar which were visible to the air traffic controllers, and negligently failed to warn pilot Mack at any time of the dangerous condition, which would have prevented the crash of N5942 and the death of pilot Mack.

33.    That as a direct and proximate result of the above pilot Mack received fatal injuries and Plaintiffs were damaged by the loss of the support from the deceased including the loss of love, companionship, comfort, affection, society, solace and moral support they have received and would be expected to receive in the future, and Plaintiff Medic-Air sustained the property damages including the loss of the subject aircraft and loss of use of the aircraft, as set forth herein.

## IN THE ALTERNATIVE, CAUSE OF ACTION AGAINST DOE DEFENDANTS 1-100,
## INCLUSIVE.

34.    Plaintiffs incorporate by reference the allegations made in paragraphs 1-33 above as if fully set forth and pled herein.

35.    That in the alternative, at all relevant times, and based upon information and belief, it is alleged that DOES 1 to 100 carelessly and negligently designed, constructed, manufactured, supplied, sold, and warned and or provided maintenance, inspections, servicing, overhaul and repair for parts and components of the subject aircraft N5942S and otherwise placed in the stream of commerce said defective aircraft and its individual parts.

36.    At all relevant times, and based upon information and belief, it is alleged that on or about December 23, 2005, said aircraft and its respective component parts, were defective in design, manufacture, service, maintenance, inspection, repairs or overhaul such that they were unairworthy and unsafe, and as a result of said condition, they were in a dangerous and defective condition, thereby rendering it unsafe for its intended purpose, and therefore causing the crash of the aircraft N5942S resulting in the injuries and death of Plaintiffs' decedent and the property damages as set forth herein.

37.    Defendants Does 1 to 100, and each of them, both orally and in writing, warranted, affirmed, represented and stated that the subject aircraft and its individual component parts and each individual component parts were fit for their intend use and free from defects and were in a safe, fit and airworthy condition, and that such parts and components were not safe and airworthy as represented and warranted, and as a proximate result caused the crash of the subject aircraft and the injures and damages as set forth herein.

38.    At all times material hereto, DOE Defendants 1-100, inclusive, had a duty to use reasonable care, as required by law, in connection with the design, manufacture, sale, servicing, maintenance, inspections, repair and certification as safe and airworthy the subject aircraft and breached such duty and directly and proximately caused the crash of the subject aircraft and fatal injuries to the pilot Mack, and property damages resulting in the damages as set for below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendant as follows:

1.    By David Mack, individually, for the loss of his father's love, companionship, comfort, care, assistance, protection, affection, society, solace, moral support, future financial support, funeral expenses, and all other general and special damages, in an amount of thirty million dollars ($30,000,000);

2.    By Jamie Wurts, individually, for the loss of her father's love, companionship, comfort, care, assistance, protection, affection, society, solace, moral support, future financial support, funeral expenses, and all other general and special damages, in an amount of thirty million dollars ($30,000,000)

3.    By Medic-Air, for the damages to the aircraft and loss of use of the aircraft the amount of $125,250;

4.    For pre- and post-judgment interest as allowed by law; as well as funeral and burial expenses.

5.    For the reasonable costs of suit incurred by Plaintiffs, including attorney fees and costs as allowed by applicable law; and

6.    For such other and further relief as this Court may deem just and proper.

### REQUEST FOR JURY TRIAL

As to trial of any claims against Defendant United States, Plaintiffs respectfully request that this Court empanel an advisory jury on all issues raised by this Complaint. See, Rule 39(c) of the Federal Rules of Civil Procedure; Hamm v. Nasatka Barriers, Inc., 166 F.R.D. 1, 2 (D.D.C. 1996).

As to trial of any claims against private defendants, Plaintiffs respectfully request that this Court empanel a jury on all such claims raised by this Complaint.

                          LAW OFFICES OF MICHAEL J. HARRINGTON


                          By _Michael J. Harrington_____
                               Michael J. Harrington (C.B.N. 144737)
                               Attorney for Plaintiffs
                               430 D Street
                               Davis, California 95616
                               (530) 759-8440