JEFFREY BUCHOLTZ
Acting Assistant Attorney General
SCOTT N. SCHOOLS
United States Attorney
DEBRA D. FOWLER
Senior Aviation Counsel
Torts Branch, Civil Division
U.S. Department of Justice
Post Office Box 14271
Washington, DC  20044-4271
Phone:   (202) 616-4025
Fax:  (202) 616-4002
debra.fowler@usdoj.gov

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E-FILING

| | |
|---|---|
| DAVID BRYAN MACK and JAMIE LYNN WURTS, individually, and as Representatives and Successors-in-Interest to the Estate Of EDWIN B> MACK; and MEDIC-AIR a California General Partnership,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA, and DOES 1 through 100, inclusive<br>Defendants. | CASE NO. CV 007-06369JCS(ADR)<br><br>UNITED STATES' ANSWER TO PLAINTIFFS' COMPLAINT |

Defendant United States of America respectfully submits this Answer to Plaintiffs' Complaint. The United States responds specifically to each numbered paragraph of the Complaint by admitting, denying and averring as follows:

United States' Answer to Plaintiffs' Complaint
Case No. CV 07-0636JCS

## PARTIES

1. The United States lacks sufficient knowledge upon which to form a belief as to the truth of the matter asserted and, accordingly, denies same.

2. The United States lacks sufficient knowledge upon which to form a belief as to the truth of the matter asserted and, accordingly, denies same.

3. The United States lacks sufficient knowledge upon which to form a belief as to the truth of the matter asserted and, accordingly, denies same.

4. Paragraph 4 of the Complaint alleges conclusions of law which the United States respectfully defers to the Court for determination. To the extent a response is required, the allegations are denied.

5. The United States admits that it is a government entity.

6. Paragraph 6 of the Complaint requires no response from the United States. To the extent a response is required, the allegations are denied.

7. Paragraph 7 of the Complaint alleges conclusions of law which the United States respectfully defers to the Court for determination. To the extent a response is required, the allegations are denied.

8. Denied.

## JURISDICTION

9. Paragraph 9 of the Complaint alleges conclusions of law which the United States respectfully defers to the Court for determination. To the extent a response is required, the allegations are denied.

10. The United States admits only that on or about May 3, 2006 Plaintiffs Mack and Wurts presented a Form SF-95 to the Federal Aviation Administration requesting payment in the amount of $60 million and that that claim was denied by certified letter on December 4, 2007.

11.    The United States admits only that on or about October 22, 2007 Plaintiff Medic-Air presented a Form SF-95 to the Federal Aviation Administration requesting payment of $125,250.00 and that that claim was denied by certified letter on December 4, 2007.

## VENUE

12.    Paragraph 12 of the Complaint alleges conclusions of law which the United States respectfully defers to the Court for determination. To the extent a response is required, the allegations are denied.

## FACTUAL ALLEGATIONS

13.    The United States admits only that on December 23, 2005, Edwin Mack departed from the Santa Barbara Municipal Airport in Santa Barbara, California en route to Livermore, California in a Beech aircraft, registration number N5942S. Also on board the aircraft was Sandra Mack. The remainder of the allegations in paragraph 13 are denied for lack of sufficient information.

14.    Denied.

15.    The United States admits only that the pilot of N5942S requested and received an instrument flight rules clearance for an approach to the Livermore airport from the Oakland Air Route Traffic Control Center and the Northern California TRACON. The remainder of the allegations contained in paragraph 15 are denied.

16.    The United States admits only that the pilot of N5942S was given a clearance to make an instrument landing system approach to the Livermore airport.

17.    The United States admits only that at approximately 1519:58 PST, the pilot of N5942S was informed "radar service terminated", and advised to contact the Livermore tower on radio frequency 118.1. The remainder of the allegations in paragraph 17 is denied.

18.    The United States admits only that at approximately 1520:11 PST, the pilot of N5942S was cleared to land at Livermore. The response from the pilot was unintelligible.

1  The remainder of the allegations in paragraph 18 is denied.
2  19.	Denied.
3  20.	Denied.
4  21.	The United States admits only that the FAA provides an instrument landing system
5  at the Livermore airport. The remainder of the allegations in paragraph 21 is denied.
6  22.	Denied.
7  23.	The United States admits only that the Oakland Air Route Traffic Control Center,
8  the Northern California TRACON and the Livermore Air Traffic Control Tower are
9  owned and operated by the United States. The remainder of the allegations in paragraph
10 23 is denied.
11 24.	The United States admits only that the aircraft, N5942S descended and collided
12 with terrain. The remainder of the allegations in paragraph 24 is denied.

## **CAUSE OF ACTION**

14 25.	Admitted.
15 26.	The United States admits only that air traffic control services are provided in
16 accordance with standard operating procedures and through the use of certain standard
17 equipment which is installed and maintained in accordance with standard procedures. The
18 remainder of the allegations contained in paragraph 26 is denied.
19 27.	Denied.
20 28.	Denied.
21 29.	Denied.
22 30.	Denied.
23 31.	Denied.
24 32.	Denied.
25 33.	Denied.

United States' Answer to Plaintiffs' Complaint
Case No. CV 07-0636JCS           - 4 -

## ALTERNATIVE CAUSE OF ACTION

34. The United States incorporates by reference the responses made in paragraphs 1-33 above as if fully set forth herein.

35-38  Paragraphs 35-38 inclusive are not directed at the United States and, therefore, require no response from this Defendant. To the extent a response is required, paragraphs 35-38 inclusive are denied.

## PRAYER FOR RELIEF

1-6. Paragraphs 1-6 inclusive of the Prayer for Relief are a wherefore clause and require no response. To the extent a response is required, the allegations in paragraphs 1-6 inclusive of the Prayer for Relief are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. This Court lacks jurisdiction over these actions pursuant to the provision of 28 U.S.C. §§ 2680(a) and (h).

3. The sole proximate cause of the accident was the negligence of the pilot of N9542S.

4. The United States and its personnel exercised due care and diligence in all matters alleged in Plaintiffs' Complaint, and no act or failure to act by the United States or its personnel was the actual cause of any damage or loss allegedly sustained by Plaintiffs.

5. Plaintiffs' damages, if any, were not proximately caused by any act or omission committed by the United States.

6. The damages complained of, if any, were proximately caused or contributed to by the carelessness, negligence and/or fault of other persons, or defects created by other persons, corporations, or business entities, including those known and unknown to the

1 United States at this time, and were not caused or contributed to in any way by the United
2 States, or by persons for whom the United States is liable.

3 7.    Plaintiffs' decedents and/or others were negligent in and about the matter referred
4 to in said complaint and such negligence bars and/or diminishes Plaintiffs' recovery
5 against the United States.

6 8.    Plaintiffs' decedents knew, or in the exercise of ordinary care should have known,
7 of the risks and hazards involved in the undertaking in which they were engaged, but
8 nevertheless, in knowing these things, did freely and voluntarily consent to assume all the
9 risks and hazards in the undertaking.

10 9.    Pursuant to 28 U.S.C. § 2402 this action against the United States is to be tried by
11 the court without a jury.

12 10.   Plaintiffs recovery, if any, is limited to the sum certain identified and claimed
13 administratively.  28 U.S.C. § 2675(b).

14    WHEREFORE, the United States prays for dismissal of Plaintiffs' Complaint, for
15 its costs, expenses, attorneys' fees and for such further relief as the Court may deem just
16 and proper.

17

18 Dated: February 14, 2008

19                                          Respectfully submitted,

20                                          JEFFREY BUCHOLTZ
                                            Acting Assistant Attorney General
21

22                                          SCOTT N. SCHOOLS
                                            United States Attorney
23

24

25

26

27
   United States' Answer to Plaintiffs' Complaint
28 Case No. CV 07-0636JCS                   - 6 -

1                                 By:     /s/ Debra Fowler
                                          DEBRA D. FOWLER
2                                           Senior Aviation Counsel
                                          Civil Division, Torts Branch
3                                           U.S. Department of Justice
                                          P. O. Box 14271
4                                           Washington, DC  20044-4271
                                          Phone:  (202) 616-4025
5                                           Fax:  (202) 616-4002

6 Of Counsel:

7 Andrew J. Dilk, Esq.
   Federal Aviation Administration
8 Office of the Chief Counsel
   Federal Aviation Administration
9 400 7th St., S.W., Room PL 200A
   Washington, DC 20590
10 andrew.dilk@faa.gov

United States' Answer to Plaintiffs' Complaint
Case No. CV 07-0636JCS                       - 7 -

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the United States' Answer to Plaintiffs' Complaint was sent electronically, this 14th day of February, 2008 to the following counsel of record:

Michael Harrington, Esq.
Law Offices of Michael Harrington
430 D Street
Davis, CA 95616
(530) 759-8440
(530) 759-8476 fax
avialaw@dcn.org

Stephen Watters, Esq.
swatters@watterslegal.com

                          /s/ Debra Fowler
                          Employee
                          U.S. Department of Justice