JEFFREY BUCHOLTZ
Acting Assistant Attorney General
JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
DEBRA D. FOWLER
Senior Aviation Counsel
Torts Branch, Civil Division
U.S. Department of Justice
Post Office Box 14271
Washington, DC  20044-4271
Phone:  (202) 616-4025
Fax:  (202) 616-4002
debra.fowler@usdoj.gov

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

E-FILING

| | |
|---|---|
| DAVID BRYAN MACK and JAMIE LYNN WURTS, individually, and as Representatives and Successors-in-Interest to the Estate Of EDWIN B. MACK; and MEDIC-AIR a California General Partnership, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, and DOES 1 through 100, inclusive <br> Defendants. | CASE NO. CV 007-06369 SBA <br><br><br><br> **CASE MANAGEMENT STATEMENT** |

Pursuant to this Court's Order and the Standing Order For All Judges in the Northern District of California, the Parties jointly submit the following Case Management Statement.

Case No. CV 07-0636 SBA

**1.     Jurisdiction and Service**:

The basis for jurisdiction and venue is the Federal Tort Claims Act, 28 U.S.C. §§1346 (b)(1) and 1402(b).  The Parties are not aware of any parties that remain to be served.

**2.     Facts:**

This is an action for wrongful death brought under the Federal Tort Claims Act arising out of the crash of a Beech Bonanza, FAA registration number N5942S, that occurred on December 23, 2005 near the Livermore Airport, Livermore, California.  The aircraft crashed approximately 8 miles east of the field as the pilot, Edwin Mack, was executing an instrument approach procedure to the Livermore airport.  The pilot and his wife, the sole occupants of the aircraft, were both killed in the crash.  Plaintiffs contend that personnel at the United States Federal Aviation Administration's Northern California Terminal Radar Approach Control Facility and at the Livermore Air Traffic Control Tower negligently provided air traffic control services to the pilot of the aircraft.

Defendant United States denies the allegations and contends that the accident resulted from pilot negligence.

**3.     Legal Issues:**

a. Whether the air traffic controllers who provided services to the pilot were negligent and, if so, whether such negligence was a proximate cause of the crash;

b. Whether the Federal Aviation Administration negligently managed, maintained or operated its air traffic control equipment and, if so, whether such negligence was a cause of the crash;

c. Whether the pilot, Edwin Mack, was negligent and whether such negligence was a proximate cause of the crash;

d. Whether any claims of negligent management, maintenance or operation of air traffic control equipment is subject to dismissal pursuant to 28 U.S.C. § 2680 (a);

  e. Whether the aircraft or any of its component parts was a cause of the crash;

  f. Whether plaintiffs have suffered any damages, and if so, in what amount.

**4.** **Motions:**

There are no prior or pending motions. The Parties anticipate dispositive motions may be brought at the close of discovery.

**5.** **Amendment of Pleadings**:

None anticipated by the Plaintiffs. Plaintiffs will serve written discovery on the United States to determine if the United States has evidence that any third party or parties, such an aircraft maintenance entity or manufacturer, caused or contributed to the crash. Based upon the discovery responses, if the United States claims that any third parties caused or contributed to the crash, Plaintiffs request 60 days after the United States has identified any such third parties and the factual basis for the claim, to determine whether to add the identify the third parties as DOE Defendants.

**6.** **Evidence Preservation:**

The aircraft wreckage is presently being stored at a facility in Pleasant Grove, California. The Parties agree that experts and/or consultants will need to examine the wreckage and have agreed that the wreckage should not be disposed of until the experts and/or consultants have had an opportunity to conduct such an examination.

The Plaintiffs have advised the Defendant that they wish all audio and radar data concerning the accident flight maintained. The Federal Aviation Administration has a policy in place for retaining such information concerning accidents which result in litigation.

Plaintiffs have requested a replay (re-track) of the audio and radar data presented to the involved air traffic controllers on their radar scopes and have requested the United States maintain the data, computer programs and any other things necessary to accomplish the replay.

**7.    Disclosures:**

The Parties have agreed to make initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure no later than March 28, 2008.

**8.    Discovery:**

The Parties anticipate serving requests for production, interrogatories and requests for admission.

Additionally, the parties anticipate that depositions of the following persons will be necessary:

1. The plaintiffs;
2. the National Transportation Safety Board Investigator;
3. the air traffic controllers who provided services to pilot Mack, and possibly their colleagues in the control facilities or supervisors;
4. persons who performed maintenance on the aircraft and its component parts;
5. Records custodians if necessary;
6. Persons most knowledgeable regarding issues raised in the Complaint;
7. Experts.

Additionally, Plaintiffs will make a Rule 34 request to inspect and photgraph the involved FAA facilities.

**9.    Class Actions:**

Not Applicable.

**10.   Related Cases:**

The Parties are not aware of any related cases.

Case No. CV 07-0636 SBA                    - 4 -

**11.    Relief:**

Plaintiffs are claiming economic and non-economic damages under California law for the wrongful death of Edwin Mack. The basis for such damages is set forth in California Civil Jury Instructions (BAJI) 14.5. The amount of such damages is limited by the amount in the administrative claims filed with the Federal Aviation Administration. Plaintiffs may designate an expert economist regarding the economic losses sustained from the death. In addition, Plaintiffs are claiming property damages for the loss and destruction of the aircraft which is based upon its fair market value before the crash and it total destruction in the crash, as well as loss of its use for a reasonable length of time to replace it.

The United States seeks dismissal of all claims against it.

**12.    Settlement and ADR:**

The Parties have agreed to private mediation with William Nagle, Burlingame, California, to take place on or before December 12, 2008.

**13.    Consent to Magistrate Judge For All Purposes:**

No.

**14.    Other References:**

No.

**15.    Narrowing of Issues**

None.

Case No. CV 07-0636 SBA                 - 5 -

**16.     Expedited Schedule:**

No.

**17.     Scheduling:**

The Parties have agreed to the following schedule and respectfully request that this schedule be adopted by the Court:

Close of all factual discovery, including all written discovery and depositions: November 11, 2008;

Plaintiffs disclosure of expert witnesses pursuant to Rule 26 of the Federal Rules of Civil Procedure: January 23, 2009;

Defendant's disclosure of expert witnesses pursuant to Rule 26 of the Federal Rules of Civil Procedure: February 20, 2009;

Close of expert discovery: March 20, 2009;

Hearing of any dispositive motions: May 12, 2009;

Pretrial Conference: sometime soon after May 12, 2009;

Trial: As soon after the Pretrial Conference as the Court's calendar will allow.

**18.     Trial:**

The parties estimate that the trial will require approximately ten court days.

As to trial of any claims against Defendant United States, Plaintiffs respectfully request that this Court empanel an advisory jury on all issues raised by this Complaint. *See,* Rule 39(c) of the Federal Rules of Civil Procedure; *Hamm v. Nasatka Barriers, Inc.*, 166

Case No. CV 07-0636 SBA                    - 6 -

F.R.D. 1, 2 (D.D.C. 1996). As to trial of any claims against private defendants, Plaintiffs respectfully request that this Court empanel a jury on all such claims raised by this Complaint.

The United States submits that pursuant to 28 U.S.C. § 2402, actions brought under the Federal Tort Claims Act are to be tried to the Court without a jury.

**19.    Disclosure of Non-party Interested Entities or persons:**

Not applicable.

**20     Other:**

None.

Dated: March 21, 2008

                                Respectfully submitted,

                                _/s/ Debra Fowler
                                Debra D. Fowler, Esq.
                                Debra.fowler@usdoj.gov
                                *Counsel for the United States*

                                /s/ Michael Harrington
                                Michael Harrington, Esq.
                                avialaw@dcn.org
                                *Counsel for Plaintiffs*

                                _/s/ Stephen Watters
                                Stephen Watters, Esq.
                                Swatters@watterslegal.com
                                *Counsel for Plaintiffs*

## **ATTESTATION**

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

                                                              _/s/ Debra Fowler
                                                              Debra D. Fowler, Esq.

Case No. CV 07-0636 SBA         - 8 -